**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4328**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MISTY AUTUMN GRAFTON,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  John Preston Bailey, District Judge.  (2:13-cr-00034-JPB-JSK-4)

Submitted:  November 20, 2015          Decided:  December 17, 2015

Before DUNCAN, DIAZ, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Stephen G. Jory, MCNEER, HIGHLAND, MCMUNN & VARNER, L.C., Elkins, West Virginia, for Appellant.  William J. Ihlenfeld, II, United States Attorney, Tara N. Tighe, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Misty Autumn Grafton appeals the district court's judgment sentencing her to 37 months' imprisonment following revocation of her probation. On appeal, Grafton argues that her sentence is plainly unreasonable. We vacate Grafton's sentence and remand for resentencing.

We will affirm a sentence imposed after revocation of probation if it is within the statutory maximum and is not "plainly unreasonable." United States v. Moulden, 478 F.3d 652, 656-57 (4th Cir. 2007). When reviewing whether a revocation sentence is plainly unreasonable, we first assess the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). A probation revocation sentence is procedurally reasonable if the district court considers the Chapter Seven advisory policy statement range and the 18 U.S.C. § 3553(a) (2012) factors. See 18 U.S.C. § 3565(a) (2012); Moulden, 478 F.3d at 657.

Here, although the district court considered the § 3553(a) factors, it failed to calculate and indicate consideration of the applicable policy statement range. We therefore conclude that Grafton's sentence is procedurally unreasonable.

2

Having found the sentence unreasonable, we assess next whether it is plainly unreasonable. "To determine whether a sentence is plainly unreasonable, this Court looks to the definition of 'plain' used in plain-error analysis." United States v. Thompson, 595 F.3d 544, 547–48 (4th Cir. 2010). "For a sentence to be plainly unreasonable, . . . it must run afoul of clearly settled law." Id. at 548.

The district court's obligation to consider the advisory policy statement range is settled law in this circuit. Moulden, 478 F.3d at 657. Thus, the court's failure to consider the advisory policy statement range renders Grafton's sentence plainly unreasonable.

Because Grafton did not preserve this claim for appellate review, our review is for plain error. See Fed. R. Crim. P. 52(b). To establish plain error, Grafton must demonstrate that (1) the district court committed an error; (2) the error was plain; and (3) the error affected her substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013). Even if these requirements are met, however, this Court will "exercise [its] discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Nicholson, 676 F.3d 376, 381 (4th Cir. 2012) (internal quotation marks omitted).

As stated, we recognize a sentencing error and find the sentence to be plainly unreasonable because it runs afoul of clearly established law. See Moulden, 478 F.3d at 656; Crudup, 461 F.3d at 439. Additionally, because the sentence imposed by the district court was well above the advisory policy statement range calculated by the probation officer, Grafton's substantial rights were affected by the error. We cannot tell whether, had the district court calculated and considered the policy statement range, it might have given Grafton a lower prison term. See Thompson, 595 F.3d at 548.

Accordingly, we vacate Grafton's revocation sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

4